AUGUST GLAESER v. CINCINNATI (CITY).

1. **Lien for Sewer Assessment not Discharged by Foreclosure Proceedings.**

   A municipality is not a proper party to an action in foreclosure brought by a building association, and the decree in such a case does not discharge the lien of a sewer assessment.

2. **Negligence in Enforcing Sewer Assessment does not Discharge Lien While Action is Pending.**

   It is gross negligence for a municipality to fail to prosecute an action to enforce a sewer assessment for thirteen years after the answer was filed, but the lien of the assessment is not discharged so long as the action remains pending.

*Drausin Wulsin* and *Wm. J. Reilly,* for plaintiff.

*John J. Gasser,* for defendant.

**GIFFEN, P. J.**

The city was not a necessary or proper party to the foreclosure suit brought by the building association in which the

Glaeser v. Cincinnati.

lien for the sewer assessment involved in this case was set up, nor did the court in that suit render any decree in favor of the city. It is true that upon distribution a sewer assessment was ordered paid, but it does not appear that it was the particular assessment here involved. The sum so ordered to be paid never was in fact paid to the city or the contractors for the use of whom this action was commenced. There was nothing therefore in the record of the foreclosure suit upon which the plaintiff in error could rely when he purchased the property upon which the assessment was a lien.

There was gross negligence on the part of the city in failing to prosecute this action for a period of thirteen years from the time answer was filed, and in the absence of R. S. 2297 [Gen. Code 3906], the rule stated in the case of *Fox* v. *Reeder*, 28 Ohio St. 181 [22 Am Rep. 270], would be enforced; but that section provides that the lien of an assessment shall continue so long as the action is pending and the right to enforce necessarily follows.

The judgment must be affirmed.

**Smith** and **Swing, JJ.,** concur.